# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VANESSA ROMERO,

       Plaintiff,

vs.                                                                                                                    No. CIV 17-1076 JB\KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

       Defendant.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon the Plaintiff's Motion to Reverse or Remand, filed July 9, 2018 (Doc. 25)("Motion"). In accordance with 28 U.S.C. § 636(b)(1)(B), the Court referred the matter to the Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, who entered Proposed Findings of Fact and Recommended Disposition, filed March 4, 2019 (Doc. 31)("PFRD"), denying the Motion. Plaintiff Vanessa Romero, pursuant to 28 U.S.C. § 636(b)(1)(C), timely filed Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge, filed March 18, 2019 (Doc. 32)("Objections"). See Fed. R. Civ. P. 72(b)(2). Having considered, de novo, those portions of the PFRD to which Romero objects, see 28 U.S.C. § 636(b)(1)(C), the Court

concludes that Romero's Objections are without merit. Accordingly, the Court determines that it will overrule Romero's Objections, adopt the PFRD in its entirety, and deny Romero's Motion.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge [Charles] Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to

apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted))). Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard."). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." Griego v. Padilla (In re Griego), 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo

determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., 8 F.3d 722, 724-25 (10th Cir. 1993)( holding that the district court's adoption of the Magistrate Judge's "particular-hour estimates" over the plaintiff's written objections, is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations'" (emphasis omitted)(first quoting 29 U.S.C. § 636(b)(1); and then quoting United States v. Raddatz, 447 U.S. at 676)).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if

the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports,

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts [Magistrate] Judge Wormuth's PFRD." (citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3)); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

Romero's initial request for reversal and remand is based on contentions that Administrative Law Judge ("ALJ") Gerald Meyer erred in his consideration and rejection of opinion evidence submitted by Philomena Marcus, CFNP ("NP Marcus"); Maureen Kolomeir, CNP ("NP Kolomeir"); and Anthony P. Reeve, M.D. See Motion at 10-13. In the PFRD, Magistrate Judge Sweazea addresses Romero's arguments as to each healthcare provider and determines that ALJ Meyer properly evaluated the evidence in question. See PFRD at 4-11. Via her Objections, Romero now asks the Court to reverse Magistrate Judge Sweazea's findings as to NP Marcus only. See Objections at 1-2.

The PFRD correctly sets forth the applicable facts and law, and it would serve no purpose to repeat them, verbatim, here. See Objections at 1-2 (not objecting to the portions of the PFRD setting forth the applicable facts and law, stating that Romero "is not seeking to have this Court reweigh evidence," and is only asking the Court to remand "so that evidence in support of Ms. Marcus's opinions . . . can be considered in weighing the opinions."). Romero argues that ALJ Meyer failed to consider her treatment history with NP Marcus and failed to discuss consistent evidence which supported NP Marcus' opinions. See Motion at 10-11; Objections at 1-2. Adhering to the scope of judicial review permitted in Social Security Appeals -- a determination

"whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards," Allman v. Colvin, 813 F.3d 1326, 1330 (10th Cir. 2016)("Allman"), Magistrate Judge Sweazea evaluated ALJ Meyer's rejection of the evidence in question and determined that ALJ Meyer's findings were free from error. See PFRD at 5-7.

Magistrate Judge Sweazea supported his decision with a thorough discussion of NP Marcus' opinions and the ALJ's evaluation of this evidence. See PFRD at 5-7. In regard to Romero's argument that the ALJ did not consider her lengthy treatment history with NP Marcus, Magistrate Judge Sweazea noted that ALJ Meyer identified NP Marcus as the "Plaintiff's most consistent caregiver and [that ALJ Meyer] dedicated a large portion of his decision to discussing NP Marcus' treatment notes. *See*, *e.g.*, AR 51, 52, 54, 59-61." PFRD at 7 (citing Social Security Administration Office of Disability Adjudication and Review Decision at 8, 9, 11, 16-18, filed March 28, 2018 (Doc. 15-5)("ALJ Meyer Decision")).[4] Turning to the disputed opinion evidence, Magistrate Judge Sweazea both detailed NP Marcus' assessments of Romero's limitations and considered ALJ Meyer's proffered reasons for discounting those assessments. See PFRD at 5-7. For example, Magistrate Judge Sweazea noted that, in 2011, NP Marcus opined that Romero was unable to work at all, but that ALJ Meyer discounted her opinion on the ground that Romero was working on a part-time basis from 2010 to 2014. See PFRD at 6. Magistrate Judge Sweazea added

---

[4]Magistrate Judge Sweazea, in citing to ALJ Meyer's decision, utilized the page numbers that appear in bold on the bottom right corners of the decision's pages and refers to the decision as "AR". The Court, however, utilizes the page numbers of the 32-page document (Doc. 15-5) as filed with the Court. Therefore, AR 61, as Magistrate Judge Sweazea denotes it, corresponds to ALJ Meyer Decision 18.

that ALJ Meyer supported his finding by citing to the "Plaintiff's Certified Earning Records which show that Plaintiff earned $6,951.00 in 2010; $9,471.00 in 2011; $6,926.00 in 2012; $7,757.00 in 2013; and $10,140.00 in 2014."  PFRD at 6.

Similarly, in 2013, NP Marcus assessed Romero with numerous moderate and marked limitations, but, as Magistrate Judge Sweazea explains in the PFRD, ALJ Meyer provides specific reasons for discounting this evidence, including Romero's part-time work history, "NP Marcus' treatment notes indicating normal physical and psychological findings, and inconsistencies between the nurse practitioner's opinion and medical assessments made by various physicians and specialists."  PFRD at 7.  See ALJ Meyer Decision at 16-18.  Magistrate Judge Sweazea then cites to AR 59-61, wherein ALJ Meyer discusses the above inconsistencies and references more than twenty pages of medical evidence in support.  See PFRD at 7 (citing ALJ Meyer Decision at 16-18).  Accordingly, Magistrate Judge Sweazea concludes that the "Plaintiff's request that the Court consider evidence which Plaintiff believes supports and/or is consistent with NP Marcus' opinion is an invitation to reweigh the evidence of record.  This the Court cannot and will not do.  *Allman*, 813 F.3d 1326, 1333 (10th Cir. 2016)."  PFRD at 7.

It is Magistrate Judge Sweazea's concluding statement to which Romero objects.  Romero "respectfully disagrees that she is asking the court to reweigh evidence so much as remand for a meaningful explanation" of how ALJ Meyer considered evidence which she believes is consistent with NP Marcus' opinion viz., NP Marcus' treatment notes, and the opinions NP Kolomeir and Dr. Reeve provided.  See Objections at 1.  From there, Romero reasserts all of the arguments that she advanced in her Motion.  See generally Motion.

As the PFRD details, ALJ Meyer considered NP Marcus' opinions in accordance with 20 C.F.R. § 404.1527(c)(1)-(6) and provided substantial evidence to support his decision to assign "little weight" to the evidence. See PFRD at 5-7, 9. Although Romero points to roughly twelve pages of NP Marcus' treatment notes which she believes substantiate NP Marcus' opinions, see Motion at 10 n.2, ALJ Meyer references seventeen pages of treatment notes to support his finding of inconsistency, see ALJ Meyer Decision at 17-18. Importantly, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence" and does not warrant remand. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir 2007)(quoting Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004)). Romero contends that she only seeks remand so that evidence in support of NP Marcus' opinions can be considered and cites as examples of supporting evidence, the consistencies between NP Marcus's, and NP Kolomeir's and Dr. Reeve's opinions, and NP Kolomeir's and NP Marcus' abnormal findings. See Objections at 2. Romero contends that ALJ Meyer refers generally to inconsistencies between NP Marcus' treatment notes without indicating what the inconsistencies are, and that ALJ Meyer "never discussed or considered" the "numerous abnormal objective findings contained within" NP Marcus' records. Objections at 2. Romero also contends ALJ Meyer based his decision on "unfair and prejudicial inferences regarding the treatment required for someone with disabling mental health symptoms." Objections at 2.

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. at 674. The Tenth

Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." Griego v. Padilla (In re Griego), 64 F.3d at 583-84. The Court conducted a de novo review of the record and concludes that ALJ Meyer properly evaluated the opinion evidence NP Kolomeir and Dr. Reeve provided and also concludes that any alleged consistencies between these rejected opinions and NP Marcus' opinions do not weigh in Romero's favor. See Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000)(stating that a district court need not "make any specific findings, the district court must merely conduct a *de novo* review of the record."); Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)("[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient."). The Court, having conducted a de novo review of the record, agrees with Magistrate Judge Sweazea's conclusion that ALJ Meyer considered NP Marcus' opinions in accordance with 20 C.F.R. § 404.1527(c)(1)-(6) and provided substantial evidence to support his decision to assign "little weight" to the evidence. See PFRD at 5-7, 9.

Further, the Court notes that Romero heavily relies on NP Kolomeir's and Dr. Reeve's opinions to show that NP Marcus' opinion is consistent with the evidence of record. See Motion at 10-12; Objections at 2. ALJ Meyer rejected, however, NP Kolomeir's and Dr. Reeve's opinions, see ALJ Meyer Decision at 18-19; Magistrate Judge Sweazea proposed affirming ALJ Meyer's consideration of this evidence, see PFRD at 7-11; and Romero does not object to Magistrate Judge Sweazea's determinations in this regard, see Objections at 2. There being no objections to this portion of the PFRD, upon review of the record, the Court concludes that Magistrate Judge

Sweazea's conclusions in this regard are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. See Workheiser v. City of Clovis, 2012 WL 6846401, at *3. Moreover, the Court, too, concludes that ALJ Meyer properly evaluated the opinion evidence NP Kolomeir and Dr. Reeve provided, and concludes that any alleged consistencies between these rejected opinions and NP Marcus' opinions do not weigh in Romero's favor.

Finally, it is worth mention that Romero ends her Objections by stating: "Furthermore, the ALJ's unfavorable decision was based on unfair and prejudicial inferences regarding the treatment required for someone with disabling mental health symptoms. This too is reason for remand." Objections at 2. Romero does not assert, however, this claim in the form of an objection, and neither provides an argument in support nor cites to an associated finding in the record. The Court only can assume that Romero is referencing her argument that ALJ Meyer improperly speculated on the treatment an individual would require based on the limitations that NP Marcus and NP Kolomeir reported. See Motion at 11. Regardless, the Court notes that Magistrate Judge Sweazea properly determined that while "an ALJ may not substitute his opinion for that of a medical professional . . . the ALJ provided substantial evidence to support his determination that the nurse practitioner's opinions were entitled to little weight." PFRD at 9 (citing Lax v. Astrue, 489 F.3d at 1089 ("As long as substantial evidence supports the ALJ's determination, the [Commissioner's] decision stands." (quotation marks omitted)(quoting Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1500 (10th Cir. 1992)))).

**IT IS ORDERED** that: (i) Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge, filed March 18, 2019 (Doc. 32), are overruled; (ii) the

Proposed Findings of Fact and Recommended Disposition, filed March 4, 2019 (Doc. 31), is adopted in its entirety; and (iii) the Plaintiff's Motion to Reverse or Remand, filed July 9, 2018 (Doc. 25), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Benjamin Eilers Decker
Decker Law Office, L.L.C.
Albuquerque, New Mexico

*Attorney for the Plaintiff*

John C. Anderson
United States Attorney
Manuel Lucero
Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

--and--

Marc Thayne Warner
Kirsten Westerland
Social Security Administration
Denver, Colorado

*Attorneys for the Defendant*